

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 03-07-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROTECTIVE ORDER and |
| | ) | SCHEDULING ORDER |
| MATTHEW EVANS DOWD, | ) | |
| | ) | |
| Defendant. | ) | |

On April 3, 2009, Defendant/Movant Matthew Evans Dowd filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He also moved for discovery, expansion of the record, and an evidentiary hearing. Dowd is a federal prisoner proceeding with counsel Palmer Hoovestal.

While it may be necessary to resolve motions and/or set an evidentiary hearing, this Order is intended to put everything in place so that the case may be resolved after deposition(s) and briefing without a hearing, if possible. The parties may request modification of this schedule as set forth in paragraph 6 of the Order.

PROTECTIVE ORDER AND SCHEDULING ORDER / PAGE 1

SCANNED

## I. Waiver and Protection of Attorney-Client Confidentiality

In a separate Order, all but one of Dowd's claims are denied. The sole remaining claim alleges that trial counsel Michael Bailey violated Dowd's Sixth Amendment right to the effective assistance of counsel by failing to investigate, subpoena, and call five witnesses – Melissa Montes, Cristina Velasquez, Miguel Velasquez, Bill Wiley, and Joseph Rodriguez – to support his defense.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he *waives* the attorney-client privilege as to *all* communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) (emphases added). The Bittaker court explains that this waiver extends not only to privileged communications but to other confidential information as well, such as attorney work product. Id. at 722 n.6.

Bittaker protects an attorney who is deposed in a § 2255 proceeding from disciplinary or tort liability by removing altogether the legal and ethical foundation on which a § 2255 movant might challenge his attorney's disclosure of confidential information in formal proceedings. At the same time, to protect the movant, the scope of the waiver is limited to litigation of the § 2255 motion. The court adjudicating the claim must "enter appropriate orders clearly delineating the contours of the limited

waiver before the commencement of discovery, and strictly police those limits thereafter." Id. at 728. As in any other civil case, the court adjudicating the claim – this Court – decides whether and how confidential information disclosed under its authority may or may not be used in other proceedings, state or federal, "without imping[ing] on the dignity or authority of the state courts." Id. at 726 (overruling Anderson v. Calderon, 232 F.3d 1053, 1099-1100 (9th Cir. 2000)); see also Osband v. Woodford, 290 F.3d 1036, 1042-43 (9th Cir. 2002); McDowell v. Calderon, 197 F.3d 1253, 1255-56 (9th Cir. 1999) (en banc) (per curiam). As the Bittaker court concluded:

> We are confident that the state courts will not feel in the least uncomfortable because a party may not use confidential information it secured by invoking our power and authority, just as we would respect a similar order limiting the use of privileged materials obtained during the course of state court litigation. This is comity, not encroachment.

331 F.3d at 727.

If Dowd proceeds with his remaining claim, he will waive Bailey's obligation to protect his confidences, but only for purposes of litigating his claim in this § 2255 proceeding. Bailey, in turn, is not subject to liability of any kind if he discloses confidential information. The parties may use any disclosure only to enable this Court, sitting in habeas jurisdiction, to reach a fair and just disposition of Dowd's claim. Of course, if Dowd chooses to maintain Bailey's obligations of

PROTECTIVE ORDER AND SCHEDULING ORDER / PAGE 3

confidentiality, he may withdraw any and all claims of ineffective assistance.

## II. Discovery

Deposition of Dowd, Bailey, and the five witnesses, as well as issuance of subpoenas duces tecum directed to those witnesses by either party, will be pre-authorized. Other requests for discovery must comply with Rule 6(a), Rules Governing § 2255 Proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Either party may request modification or rescission of this Order, or Dowd may withdraw his remaining claim, within **fourteen (14) calendar days** of the entry date of this Order. If the matter proceeds and neither party requests modification or rescission, the following provisions shall bind the parties. Counsel for the United States may not seek or accept disclosure of confidential information by Bailey until this Order becomes effective.

2. As of the effective date of this Order, Bailey's duties of confidentiality to Dowd are waived for the sole purpose of formal proceedings in this case. There will be no legal or ethical foundation for any disciplinary or tort complaint against Bailey for breaching the duty of confidentiality in these proceedings.

3. Bailey's file and any deposition is deemed confidential. Such material may

be used only by Dowd and the United States Attorney's Office and only for purposes of formal proceedings incident to litigating the claims presented in Dowd's § 2255 motion. Disclosure of the material or any information contained therein may not be made to any other person or agency without an Order from this Court.

4. This Order shall continue in effect after the conclusion of the § 2255 proceedings in this case and specifically shall apply in the event of a retrial of all or any portion of Dowd's criminal case or any trial of any charge against Dowd in any court.

5. After this Order becomes effective, either party may depose Bailey, Dowd, Melissa Montes, Cristina Velasquez, Miguel Velasquez, Bill Wiley, and Joseph Rodriguez and issue subpoenas duces tecum directed to those witnesses. No further leave is required under Rule 6(a) of the § 2255 Rules or under Fed. R. Civ. P. 30(a)(2)(B) as to those witnesses. All other discovery requests must comply with Rule 6(a). Discovery shall close on **March 31, 2010.**

6. On **April 16, 2010,** the parties shall file a joint status report stating whether an evidentiary hearing is required and, if so, how much time should be allowed and whether further briefing should be postponed until after the hearing. A hearing is not to be used by either party as a discovery tool in lieu of deposition.

7. Each party shall file a brief in support of its position on each of Dowd's

claims on or before **April 30, 2010.** Briefing shall be in accordance with the Local Rules.

8. Also on or before **April 30, 2010**, the parties shall ensure that one complete copy of each deposition is filed <u>under seal</u> in the electronic record of the case. Leave to file any deposition of counsel or Dowd under seal is GRANTED.

9. Each party may file a brief in response on or before **May 28, 2010.**

DATED this 11 day of December, 2009.

Donald W. Molloy
United States District Court