Palmer A. Hoovestal, Esq.
HOOVESTAL LAW FIRM, PLLC
40 West 14th Street, Suite 2B
P.O. Box 747
Helena, MT 59624-0747
Tel. 406.457.0970
Fax: 406.457.0475
Email: palmer@hoovestal-law.com
Attorney for Defendant/Movant
MATTHEW EVANS DOWD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW EVANS DOWD,<br><br>    Defendant/Movant. | CR 03-07-M-DWM<br><br>**BRIEF IN OPPOSITION**<br>**TO MOTION FOR HEARING** |

        COMES NOW the Defendant/Movant, Matthew Dowd, and pursuant to CR

12.1(a), hereby submits this brief in opposition to the Government's *Motion For*

*Hearing* (Doc. 15).  For the reasons set forth below, the Government's motion

should be denied.

/ /

## ARGUMENT

Pursuant to the Court's Protective and Scheduling Order of December 11, 2009, (Doc. 149), Dowd has noticed several depositions in this matter to be held in the various places where the witnesses are located.

The Government now "sees no need for this discovery."  It asks the Court to grant an evidentiary hearing in an apparent effort prevent the depositions from proceeding forward because affidavits from seven of the witnesses have already been filed with the Court.  The Government's motion should be denied at the present time to the extent that it prevents the depositions from taking place.

As the Court will recall, Dowd filed his motion expressly asking the Court to hold an evidentiary hearing on his § 2255 motion.  See, Doc. 125.

In response to that request, the Government filed its brief arguing that Dowd is not entitled to an evidentiary hearing.  See, *Government's Response in Opposition to 2255 Motion*, p. 3, 24-27.  (Doc. 147).

The Court ruled on Dowd's motion, stating in its scheduling order that:

> While it may be necessary to resolve motions and/or set an evidentiary hearing, this Order is intended to put everything in place so that the case may be resolved after deposition(s) and briefing without a hearing, if possible. The parties may request modification of this schedule as set forth in paragraph 6 of the Order.

*Order*, p. 1.  Paragraph 6 provides that on April 16, 2010, the parties shall file a

joint status report stating whether an evidentiary hearing is required and, if so,

how much time should be allowed and whether further briefing should be

postponed until after the hearing.  *Id*.

Accordingly, the depositions should proceed as noticed.  On April 16, 2010,

the parties will notify the Court what their positions are as to whether an

evidentiary hearing is required, or whether the Court can rule on Dowd's motion

based on depositions and briefing.  However, for now the Government's motion

should be denied to the extent that it seeks to prevent the depositions from

proceeding.

DATED this 1ˢᵗ day of March, 2010.


By: /s/ Palmer Hoovestal
      Palmer Hoovestal, Esq.
      Attorney for Defendant/Movant
      MATTHEW EVANS DOWD