IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 03-07-M-DWM |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING UNITED |
| | ) | STATES' MOTION FOR HEARING |
| MATTHEW EVANS DOWD, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

On February 19, 2010, the United States moved the Court to set a hearing on Defendant/Movant Matthew Dowd's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Dowd is a federal prisoner proceeding with counsel Palmer Hoovestal.

The motion is a late-comer on the scene. A protective and scheduling order was issued on December 11, 2009, pre-authorizing depositions of seven witnesses under Rule 6(a) of the § 2255 Rules. The order set a fourteen-day deadline on motions to modify it. Order (doc. 149) at 4 ¶ 1. On December 24, 2009, Dowd filed

a motion seeking leave to depose another witness. Following D. Mont. L.R. CR 12.2, Dowd's counsel contacted the United States before filing the motion and reported that the motion was opposed. Nonetheless, the United States did not respond to the motion. Consequently, see Order Granting Mot. (doc. 151) at 2, Dowd's motion was granted.

The United States now says that "on February 18, 2010, the government became aware that the defense is seeking to depose eight different people in regards to this matter." Mot. for Hr'g (doc. 152) at 2. The prospect of depositions was clear as of December 11, 2009, if not May 11, 2009, when Dowd filed a motion for discovery, expansion of the record, and a hearing.

Most importantly, the purpose of a hearing is to resolve conflicts in the evidence. The Protective Order and Scheduling Order states that "[a] hearing is not to be used by either party as a discovery tool in lieu of deposition." Order (doc. 149) at 5 ¶ 6. The parties should establish as much as they can through deposition testimony or documentary evidence. If one or the other party believes the witnesses should be seen, the depositions can be videotaped. A hearing is not required to decide whether proffered evidence or testimony is relevant or probative of Dowd's claims or to decide what the evidence means.

Were this a case in which defense counsel was appointed and public funds

were involved, the result might be different. The United States does not explain why Dowd is not entitled to depose witnesses at his own expense, why it did not oppose depositions sooner, or why a hearing is necessary.

Accordingly, IT IS HEREBY ORDERED that the United States' motion for a hearing (doc. 152) is DENIED.

DATED this 4th day of March, 2010.

Donald W. Molloy
United States District Court