

**FILED**

OCT 2 1 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK MISSO...

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 03-07-M-DWM |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ERRATA AND ORDER |
| | ) | DENYING CERTIFICATE OF |
| MATTHEW EVANS DOWD, | ) | APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

## I. Errata

At the conclusion of yesterday's evidentiary hearing, I made two misstatements. First, in my findings of fact, I said that Dowd averred in his affidavit that he gave Bailey or Fullerton the names Velasquez, Cristina, Melissa, or Montes. I intended to say Dowd did *not* aver in his affidavit that he gave Bailey or Fullerton those names. Dowd Aff. (doc. 127) at 1-6. Second, I unintentionally omitted Joseph Rodriguez's name from the final Order. I intended to say that Dowd's claims regarding potential witnesses Bill Wiley, Miguel Velasquez, Cristina Velasquez, Melissa Montes, *Joseph Rodriguez*, and Tony Edwards are denied for lack of

evidentiary support.

Finally, to clarify one more point in my findings and conclusions, I have not considered whether the proffered testimony of the six witnesses discussed at the hearing, in any given combination, would have been sufficient to undermine confidence in the verdict. The issues are resolved on the competence prong of the Strickland test, and "there is no reason . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." Strickland v. Washington, 466 U.S. 668, 697 (1984).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Dowd claimed Brady violations, prosecutorial misconduct, ineffective

ERRATA AND ORDER DENYING CERTIFICATE OF APPEALABILITY / PAGE 2

assistance of trial counsel, and ineffective assistance of appellate counsel.

### A. Brady Claims

Dowd claimed the prosecution failed to disclose "the content of specific witness interviews which contained exculpatory evidence negating the government's theory of criminal culpability," Mot. § 2255 (doc. 123) at 4 ¶ 18, but he did not identify any undisclosed evidence.  A COA is not warranted on this claim.  He claimed the prosecution failed to interview witnesses who would have given exculpatory information, thereby "intentionally failing to create a written paper record of a minimally acceptable investigation," id. at 5 ¶ 18.  This claim is not based on any requirement imposed by federal law, constitutional or otherwise.  A COA is not warranted on the Brady claims.

### B. Prosecutorial Misconduct

Dowd claimed that the prosecution knew Danna Johnson's testimony was false and deprived him of "the presentation of exculpatory evidence to the jury." Id. at 6 ¶ 21.  He did not allege any facts to support these assertions, explain how the prosecution knew Johnson's testimony was false (much less show that it was false), or identify any exculpatory evidence he was prevented from presenting.  A COA is not warranted on these claims.

Dowd claimed that the defense subpoenaed witness Leslie Hottinger and that,

ERRATA AND ORDER DENYING CERTIFICATE OF APPEALABILITY / PAGE 3

before she was called to testify, an officer or agent of the prosecution "may have," Hottinger Aff. (doc. 139) at 2 ¶ 4, told her she was excused. Mot. § 2255 at 6 ¶ 21. Hottinger did not know who told her she could leave, and the record plainly shows that she was subpoenaed by the United States, not the defense.   This claim is frivolous.  A COA is not warranted.

## C. Ineffective Assistance of Trial Counsel

### 1. Witnesses

At trial, defense counsel called eight witnesses, including Dowd.  With his § 2255 motion, Dowd submitted affidavits from 14 other witnesses who claimed to have potentially exculpatory testimony that they could have offered at trial.  As to six of those witnesses – Bill Wiley, Miguel Velasquez, Cristina Velasquez, Melissa Montes, Joseph Rodriguez, and Tony Edwards – Dowd was permitted to conduct discovery, and an evidentiary hearing was held.  Wiley's ambiguous affidavit could have been construed as support for Dowd's claims, but Dowd was unable to prove its exculpatory nature because Wiley failed to appear for his deposition.  Edwards's testimony might have been exculpatory, but it was much more likely to be damaging, in more ways than one, and trial counsel Michael Bailey made a patently reasonable decision not to pursue it. Strickland, 466 U.S. at 691.  Edwards, too, failed to appear for his deposition.

ERRATA AND ORDER DENYING CERTIFICATE OF APPEALABILITY / PAGE 4

The evidence at the hearing was undisputed that Fullerton attempted to contact witness Joseph Rodriguez in Montana but was unsuccessful. It was also undisputed that Rodriguez was believed to be somewhere in New York. Rodriguez could not be located, and neither Bailey nor Fullerton – nor, probably, Dowd – knew of a remark Johnson had made to him that might have prompted them to try harder to find him. The testimony they believed he would give was adequately covered by other witnesses. Finally, two facts, in particular, show it was not reasonable to expect Bailey and Fullerton to locate Miguel and Cristina Velasquez and Melissa Montes, the "Utah witnesses." First, in Dowd's numerous letters to Bailey and in Bailey's and Fullerton's extensive and thorough notes, only the name "Miguel" appears. The names "Velasquez," "Cristina," "Melissa," and "Montes" do not. Surely Dowd or Bailey or Fullerton would have made a note of those names or of a phone number if either Matthew or Keith Dowd had provided that information to them. Second, Bailey testified that he and Dowd discussed before trial who would be called for the defense. Because "Miguel" was the only name Bailey had for the Utah witnesses, the Utah witnesses were not on the list, yet Dowd did not complain or insist or even mention that Miguel, his sister, and his girlfriend should be located and called. Dowd's claim that he and Bailey did not discuss who would testify before trial is not credible. The claim that Bailey's performance was deficient with respect to the Utah

ERRATA AND ORDER DENYING CERTIFICATE OF APPEALABILITY / PAGE 5

witnesses, Rodriguez, Wiley, or Edwards has no evidentiary support in the record.
A COA is not warranted.

As to the other eight witnesses, their affidavits did not show they had significant exculpatory evidence. Had counsel called Sharon Rice and Keith Dowd, both were likely to make statements that might elicit a warning against self-incrimination under the Fifth Amendment. Guy and Leslie Hottinger offered testimony either similar to that which Bailey reasonably declined to pursue from Edwards or cumulative of that elicited at trial from their daughter, Cora. To accept the prosecution's theory of the case, the jury had to conclude that Johnson lied to her sister Ellen Bunker, so Bunker's opinion of Johnson's truthfulness – which clearly emerged from her trial testimony in any case – would not have altered the balance of the evidence. Celeste Trotchie, Steve Flook, and James Brian Meyers offered testimony either of minimal relevance and/or adequately covered by other witnesses. Thomas Krummes and Edwin Brown, Jr., were interviewed but did not sign their proposed affidavits. Hoovestal Aff. (doc. 143) at 2-3 ¶¶ 4-6.[1] As to all of these witnesses, there is no realistic possibility that Bailey deprived Dowd of a fair trial by

---

[1] Brown passed away ten months after Dowd's § 2255 counsel sent him an affidavit he was asked to sign. There is no reason to imagine Brown had any intention of signing it. Krummes simply did not sign his proposed affidavit. Consequently, there is no reason to believe these witnesses would have provided exculpatory testimony at trial.

ERRATA AND ORDER DENYING CERTIFICATE OF APPEALABILITY / PAGE 6

failing to call them. A COA is not warranted.

### 2. Documents

Dowd did not identify any of the "multiple documents and records" that he "specifically identified and requested" as items of evidence he wanted Bailey to "obtain, subpoena, and introduce at trial." Mot. § 2255 at 7 ¶ 27. A COA is not warranted.

### 3. Polygraph

Dowd alleged that Bailey failed "to accede to Dowd's request that he be given a polygraph." Id. at 7 ¶ 28. He does not explain the relevance of a polygraph examination, explain why any defense lawyer could be considered incompetent for *refusing* one, claim he passed a polygraph test, or show why the test was reliable. A COA is not warranted.

### 4. Medical Expert

Dowd provided no reason to believe that Bailey could have found a medical expert who would have testified on his behalf. A COA is not warranted.

### 5. Objections and Rule 29 Motion

Finally, Dowd claimed that Bailey was ineffective at trial because he "failed to lodge necessary objections at trial and sentencing and failed to make a Fed. R. Crim. P. 29 motion." Id. at 7 ¶ 29. Dowd did not identify any objection that Bailey

failed to make.  He simply ignored the fact that Bailey made at least two Rule 29 motions, one as to Count 8, which was granted, Trial Tr. at 502:11-503:23, and one as to Count 11, which was also granted, id. at 503:24-504:24, 604:8-605:20.

Similarly, Dowd claimed Bailey failed to preserve issues for appeal, but he did not identify any issue with a reasonable probability of success on appeal that Bailey failed to preserve.  He pointed to the appellate decision, which applied plain error review to Dowd's claims against the sufficiency of the evidence on Count 3, but the decision did not suggest the outcome might be different under a more lenient standard; on the contrary, the court held that "the jury *easily* could have determined that a woman in Johnson's position . . . had no reasonable opportunity to escape her oppressor." United States v. Dowd, 417 F.3d 1080, 1089 (9th Cir. 2005) (emphasis added).  The appellate court also noted that trial counsel did not object to the jury instruction defining the terms coercion and duress, id. at 1086, but Dowd's § 2255 motion did not suggest any alternative.  A COA is not warranted on any of these conclusory claims.

### D. Ineffective Assistance of Appellate Counsel

Dowd claimed appellate counsel should have argued he "was unconstitutionally given multiple punishments when he was acquitted on certain charges and convicted on other charges based on the same conduct and requiring

ERRATA AND ORDER DENYING CERTIFICATE OF APPEALABILITY / PAGE 8

proof of the same statutory elements." Mot. § 2255 at 8 ¶ 33. This claim essentially alleges overcharging by the prosecution, and it cannot support a claim on appeal. Dowd was convicted and sentenced on two counts that did not share a single element. A COA is not warranted.

### E. Conclusion

This case did not involve overwhelming evidence. A different jury might have found reasonable doubt on Count 3 as well as 1, 5, and 7. On the other hand, a reasonable jury might have been convinced of Dowd's guilt beyond a reasonable doubt on Counts 1, 3, 5, and 7. One could also argue that the case belonged in state court, where Dowd may have received a lighter sentence. On the other hand, he might also have been prosecuted in more than one state. A new trial is a fair remedy only if the first trial was unfair. None of Dowd's claims makes a showing that his trial was unfair. In particular, Bailey's performance was well within the bounds of professional competence – and, in fact, he obtained acquittals for Dowd on five counts, where other equally competent lawyers might not have.

Dowd received what was due to him under the Constitution. Nothing here is adequate to deserve encouragement to proceed further. Miller-El, 537 U.S. at 327.

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is

DENIED on all issues.

DATED this _21st_ day of October, 2010.

Donald W. Molloy
United States District Court